UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLMAN'S DNA TRUCKING AND CONSTRUCTION, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2653-B |
| | § | |
| NATIONAL LIABILITY & FIRE INSURANCE CO. and WALMART, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Holman's DNA Trucking and Construction LLC ("Holman's DNA")'s Amended Motion for Leave for Joinder of Additional Parties and Request to Remand (Doc. 22). For the reasons stated below, the Court **DENIES** the motion.

## I.

## BACKGROUND[1]

This is an insurance dispute. On July 12, 2018, Holman's DNA purchased an insurance policy from Defendant National Liability & Fire Insurance Company ("NLFI"). Doc. 1-3, Original Pet., ¶ 14. On August 23, 2018, Holman's DNA was hired to deliver a truckload of produce to a Walmart store in South Carolina. *Id.* ¶¶ 15–16. When Holman's DNA arrived with the load, Walmart refused it, claiming that the cargo was not at the proper temperature. *Id.* ¶¶ 17–18. Holman's DNA disputed this, but Walmart still refused to accept the load. *Id.* ¶ 19. Holman's DNA

---

[1] The Court derives this factual statement from Holman's DNA's Original Petition (Doc. 1-3).

- 1 -

was obligated to pay for the rejected load, valued at $13,042.96. *See id.* ¶¶ 18, 25. On January 14, 2019, Holman's DNA notified NLFI of the loss and NLFI later denied the claim. *Id.* ¶ 25.

On August 24, 2021, Holman's DNA filed suit against NLFI, Walmart, and Hibbs-Hallmark & Co ("HH&C") (collectively, "Defendants"), in Texas state court, alleging that Defendants breached contracts with Holman's DNA and seeking a declaration of the insurance contract's validity.[2] Doc. 1-3, Original Pet. NLFI removed this case to federal court on October 26, 2021, claiming that the Court had subject-matter jurisdiction on the basis of diversity because nondiverse Defendant HH&C was improperly joined. Doc. 1, Notice Removal, 3–4, 6. On November 3, 2021, the Court ordered Holman's DNA to respond to NLFI's improper-joinder argument by November 17, 2021. Doc. 6, Elec. Order. On November 22, 2021—after Plaintiff missed its deadline to comply with the Court's November 3 Order—the Court issued a Show Cause Order stating that Holman's DNA's claims against HH&C would be subject to dismissal unless Holman's DNA responded by November 29, 2021. Doc. 8, Show Cause Order, 1 ("Failure to show cause may result in dismissal of Plaintiff's claims against HH&C without further notice."). Holman's DNA did not respond to the Show Cause Order, so on December 3, 2021, the Court dismissed without prejudice the claims against HH&C pursuant to Federal Rule of Civil Procedure 41(b). Doc. 10, Order Dismissing. After HH&C's dismissal, the case proceeded in this Court and the Court entered a Scheduling Order that required joinder of parties and amendment of pleadings by February 14, 2022. *See* Doc. 12, Joint Status Rep.; Doc. 13, Scheduling Order. Holman's DNA never responded to the Show Cause Order.

---

[2] HH&C is the insurance agent/broker that sold the insurance policy at issue in this suit. Holman's DNA's Original Petition claims that HH&C is a party to the insurance contract, but Holman's DNA has since dropped that assertion and now claims that HH&C misrepresented the policy's refrigeration breakdown coverage. *See* Doc. 1-3, Original Pet., ¶ 14; Doc. 22, Am. Mot. Leave File, 3; Doc. 20, Proposed Am. Compl.

On the deadline for amended pleadings and joinder of parties, Holman's DNA moved for leave to file an Amended Complaint rejoining HH&C as a defendant, adding two new defendants, and adding claims for negligent misrepresentation and unjust enrichment. *See* Doc. 19, Mot. Leave File; Doc. 20, Proposed Am. Compl., ¶¶ 1–2. The motion for leave to file the Amended Complaint did not comply with this District's local rule requiring a certificate of conference indicating whether the motion is opposed and did not address the heightened pleading standard required when an amendment would destroy subject-matter jurisdiction. Doc. 21, Order, 2–3. So, the Court denied the motion but allowed Holman's DNA to file "an amended motion for leave addressing [these] deficiencies." *Id.* at 3. The instant motion timely followed. Doc. 22, Am. Mot. Leave to File. NLFI has responded and objects to the Proposed Amended Complaint only insofar as it seeks to rejoin HH&C and asks the Court to remand the case. Doc. 23, Resp. The deadline for Holman's DNA to reply has passed. *See* N.D. Tex. Loc. Civ. R. 7.1(f). Accordingly, the motion is ripe for review and the Court considers it now.

## II.

## LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Further, when presented with a proposed amendment to add a non-diverse party that would destroy federal subject matter jurisdiction in a removed case, the district court must scrutinize such amendment "more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he district court . . . should use its discretion in deciding whether to allow that party to be added." *Id.* (citations omitted). Courts in

the Fifth Circuit apply the following factors, first enunciated in *Hensgens*, to determine whether to permit joinder of non-diverse parties: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

## III.

## ANALYSIS

Applying the *Hensgens* equity-factors analysis, the Court concludes that Holman's DNA's proposed rejoinder of HH&C should not be allowed. Accordingly, the Court **DENIES** Holman's DNA's motion so far as it seeks to assert claims against HH&C and requests that this Court remand the case to state court. However, the Court **GRANTS** Holman's DNA an opportunity to file an amended complaint consistent with this Order.

A.    *The Extent to Which the Amendment's Purpose is to Defeat Federal Jurisdiction*

Holman's DNA asserts that its "primary reason for seeking to have [HH&C] added to the suit [is] so that [it] has a fair opportunity to litigate [its] claims against . . . [HH&C, who] is a necessary and essential defendant to [this] suit . . . because [Holman's DNA's] claims against [HH&C] are related to the issues before this [C]ourt." Doc. 22, Am. Mot. Leave File, 2–3. Specifically, Holman's DNA claims that "[HH&C] is essential in this case because [Holman's DNA] . . . relied on . . . [HH&C]'s statements . . . that the refrigeration breakdown coverage was included on the purchased policy" such that "preventing [Holman's DNA] from joining . . . [HH&C] would be fatal to [Holman's DNA's] suit." *Id.* at 3. NLFI responds that HH&C is not a "necessary party"

as defined by Fed. R. Civ. P. 19(a) and that "the contract issues [presented in this case] can be resolved without [HH&C]." Doc. 23, Resp., 3–4.

The Court agrees with NLFI that HH&C is not a necessary and indispensable party to this suit. *See Penn-Am. Ins. Co. v. Pampered Nails & Skin Care, LLC*, 2012 WL 5387200, at *2 (S.D. Tex. Nov. 1, 2012); *Tower Ins. Co. of N.Y. v. Zing Lu, LLC*, 2009 WL 4730394, at *1 (S.D. Tex. Dec. 4, 2009); *Burlington Ins. Co. v. Valencia Co.*, 200 F.R.D. 283, 284 (E.D. Tex. 2001); *Dairyland Ins. Co. v. Broderick*, 2010 WL 11497166, at *2–3 (D. Wyo. Aug. 31, 2010) ("[T]hose courts that have examined this issue have determined that . . . the fact that, if the insurer prevails, the insured will likely sue his agent, standing alone does not make the agent a necessary party to the declaratory judgment action.") (collecting cases). HH&C's presence in the case has no bearing on Holman's DNA's ability to completely recover on its breach-of-contract claims against NLFI and Walmart. *See Penn-Am. Ins. Co.*, 2012 WL 5387200, at *2 ("[The party sought to be joined's] alleged misrepresentations have no bearing on the relationship between [plaintiff] and defendants."); *Tower Ins. Co.*, 2009 WL 4730394, at *1 (noting that "[a]ny causes of action [plaintiff] may have against the two parties it seeks to join are separate and distinct from its claims" against the parties already in the case); *Burlington Ins. Co.*, 200 F.R.D. at 284 ("[T]he issue is a declaratory judgment sought by [plaintiff] as to the contractual obligation between [plaintiff] and [defendant]. [The party sought to be joined] is not indispensable to that determination, whatever other liability [it] may or may not have in its own dealings with [defendant]."). Therefore, the Court cannot accept Holman's DNA's alternative justification that it seeks amendment because joinder is necessary.

Further, the Court considers that Holman's DNA did not attempt to serve HH&C during the more than ninety days in which HH&C was previously named as a defendant. *See* Doc. 1-3,

Original Pet. (filed August 24, 2021); Doc. 1, Notice Removal, 4–6 (filed October 26, 2021) (noting that HH&C had not been served and arguing that this suggested fraudulent joinder); Doc. 10, Order Dismissing (dismissing HH&C—who had still not been served—on December 3, 2021). The Court finds that Holman's DNA's apparent disinterest in serving HH&C, coupled with its continued failure to address the fraudulent-joinder issue raised by NLFI in the notice of removal, permits an inference that HH&C's joinder is intended to defeat diversity jurisdiction. *Cf. DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) ("The lack of service gives an inference that Plaintiffs do not intend to pursue their claims against [the nondiverse party].").

Therefore, the Court finds that this factor weighs in favor of denying leave to rejoin HH&C.

B.   *Whether Holman's DNA Has Been Dilatory in Asking for the Amendment*

Holman's DNA argues, without authority or elaboration, that it has not been dilatory because it "learned of . . . an email thread that [it] relied on[] that supports the need to add [HH&C] to the claim . . . [and] [i]f the email thread had been discovered prior, [it] would have requested the joinder . . . sooner." Doc. 22, Am. Mot. Leave to File, 3. NLFI responds that Holman's DNA has been dilatory in moving to join HH&C because: Holman's DNA has been aware of HH&C since the suit's inception as evidenced by the fact that it "sued [HH&C] in state court, but failed to serve it"; "[t]he 'email thread' . . . was disclosed in [NLFI's] initial disclosures" and did not include HH&C; the parties' December 28, 2021, joint status report indicated that Holman's DNA intended to attempt to rejoin HH&C but Holman's DNA did not file the motion until the February 14, 2022, deadline; and Holman's DNA has claimed without support that it did not receive the Court's November 29, 2021, Show Cause Order, resulting in HH&C's dismissal. Doc. 23, Resp., 4–5.

Again, the Court agrees with NLFI. Even accepting that Holman's DNA did not learn of HH&C's alleged misrepresentations until NLFI made its initial disclosures, the fact remains that Holman's DNA did not respond to the Court's November 29, 2021, Show Cause Order, which resulted in HH&C's dismissal from this action, and six months on still has not sufficiently explained its failure to do so. *See* Doc. 10, Order (dismissing HH&C on December 3, 2021); Doc. 12, Joint Status Rep., 2 (indicating that Holman's DNA wished to re-join HH&C); Doc. 22, Am. Mot. Leave to File, 1 (stating merely that "[Holman's DNA] did not receive the notice or the Order until after the court had already dismissed . . . [HH&C]"). Thus, the Court finds that Holman's DNA has been dilatory in asserting its motion to re-join HH&C. This factor weighs in favor of denying joinder.

C.   *Whether the Plaintiff Will Be Significantly Injured if the Amendment Is Not Allowed*

Holman's DNA claims that "[p]reventing [Holman's DNA] from joining . . . [HH&C] would be fatal to [Holman's DNA's] suit . . . because . . . [t]he assurances [that the policy included refrigeration breakdown coverage] provided by [HH&C are] the foundation of the case." Doc. 22, Am. Mot. Leave File, 3. NLFI responds that HH&C's presence in the suit has no impact on the breach-of-contract claims asserted in the Original Petition, that the policy it issued did contain the disputed refrigeration breakdown provision, and that the claims Holman's DNA seeks to assert against HH&C might be time-barred. Doc. 23, Resp., 5–6.

As explained above, the Court finds that denying joinder will not significantly injure Holman's DNA, who remains free to separately pursue its claims against HH&C. *See Tower Ins. Co.*, 2009 WL 4730394, at *1; *Burlington Ins. Co.*, 200 F.R.D. at 284; *Scottsdale Ins. Co. v. I-20 HD Ultra Lounge, LLC*, 2019 WL 1754356, at *5 (N.D. Ala. Apr. 19, 2019) ("To the extent [the party]

believes it has a claim against [third parties for whom the court denied joinder], [the party] is free to pursue those claims in another forum."). Thus, the Court considers this factor neutral.[3]

D.  *Any Other Factors Bearing on the Equities*

Holman's DNA does not argue that any other factors bearing on the equities favor allowing joinder of HH&C. *See* Doc. 22, Am. Mot. Leave to File, 4. NLFI urges the Court to consider Holman's DNA's disregard of the Court's Show Cause Order, which resulted in HH&C's dismissal. Doc. 23, Resp., 6. The Court has considered the failure to respond to the Show Cause Order or the improper joinder argument in the purpose and dilatoriness factors, above. Accordingly, the Court finds no additional factors bearing on the equities.

In sum, the Court finds that one of the *Hensgens* factors is neutral. But the remaining two factors, whether the purpose of the joinder is to destroy the Court's subject-matter jurisdiction jurisdiction and whether Holman's DNA has been dilatory in moving for such an amendment, together weigh significantly against allowing HH&C's rejoinder. *See Hensgens*, 833 F.2d at 1182; *cf. Olvera v. Primerica Life Ins. Co.*, 2014 WL 222602, at *4 (S.D. Tex. Jan. 21, 2014) ("The Court finds the joinder at least partly intended to defeat federal jurisdiction, finds Plaintiff acted tardily in alleging specific facts against [the nondiverse party], sees no prejudice to Plaintiff in [the nondiverse party's] absence, and finds no equitable consideration weighing in favor of granting joinder. The *Hensgens* analysis, though somewhat equivocal, ultimately guides the Court to deny joinder."). Therefore, the Court **DENIES** the motion so far as it seeks rejoinder of HH&C.

---

[3] As the Court declines to allow joinder of HH&C it will not consider NLFI's arguments regarding the merits of or limitations on Holman's DNA's claims against HH&C.

IV.

CONCLUSION

For the reasons stated above, the Court **DENIES** Holman's DNA's Motion for Leave to Amend the Complaint (Doc. 22) so far as it seeks to assert claims against HH&C. The Court **GRANTS** Holman's DNA leave to file a Second Amended Complaint consistent with this ruling within **SEVEN DAYS** of this Order.

**SO ORDERED**.

**SIGNED: May 13, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE