UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLMAN'S DNA TRUCKING AND CONSTRUCTION, LLC, and GREGORY D. HOLMAN d/b/a DNA AUTO TRUCKING, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2653-B |
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant National Liability & Fire Insurance Company ("NLFI")'s Motion for Summary Judgment (Doc. 52). For the reasons explained below, the Court **GRANTS** NFLI's motion.

I.

BACKGROUND

This is a dispute about who should bear the cost of a rejected produce shipment. Doc. 27, Second Am. Compl., ¶¶ 16–21. Plaintiffs Holman's DNA Trucking and Construction, LLC ("Holman's DNA") and Gregory D. Holman allege that they are in the trucking business. *Id.* ¶ 11. On July 12, 2018, Holman executed an insurance agreement with NLFI ("the Policy"). Doc. 54, Def.'s App. Ex. 1, 13, 18. The Policy that insured Holman against "legal liability as a motor carrier or bailee for physical 'loss' to 'cargo' owned by others while in transit in or on a covered 'auto'

-1-

operated by [Holman]" from July 12, 2018, to July 12, 2019. *Id.* at 48. The Policy covered physical losses arising from "[m]echanical failure or breakdown of refrigeration equipment, heating equipment, or temperature control equipment." *Id.* at 49. However, losses caused by "[e]xtremes of temperature not caused by mechanical failure or breakdown of refrigeration equipment, heating equipment, or temperature control equipment" were not covered under the policy unless they were caused directly by "fire, lightning, explosion, collision, overturning of the covered 'auto,' floods, windstorm, or theft." *Id.* at 50. The Policy identifies Holman as the insured and lists Holman as an individual. *See id.* at 8, 12.

Holman contracted with a broker, C.H. Robinson, to deliver produce loads to three stores on August 28, 2018. *Id.* at Ex. 4-A, 78–83. When Holman attempted to make delivery, two of the retailers rejected the produce, indicating that the produce had not been kept at thirty-six degrees Fahrenheit during the entire transport, as required by the contract. *Id.* at Ex. 4-B, 85–88. During transit, Holman's trailer did not experience a mechanical failure or breakdown of refrigeration equipment, heating equipment, or temperature control equipment. *Id.* at Ex. 2, 69–70. C.H. Robinson eventually directed Holman to dispose of the rejected produce and charged Holman $13,042.96 for the value of the rejected produce. *Id.* at Ex. 4-C, 89, 91. Plaintiffs paid C.H. Robinson's claim, and Holman sought reimbursement under the Policy. *Id.* at Ex. 2, 70–71; *see id.* at Ex. 3-A, 73. His claim was rejected because "the damage to the load was not due to a breakdown of the refrigeration unit on the [d]ate of the [l]oss." *Id.* at Ex. 3-A, 73.

Plaintiffs bring three claims against NFLI: (1) negligent misrepresentation, (2) breach of contract, and (3) unjust enrichment. *See* Doc. 27, Second Am. Compl., ¶¶ 25–33; Doc. 56, Resp.

Br., 8–9. NLFI filed its Motion for Summary Judgment on August 2, 2022. *See* Doc. 52. The Court considers it below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary-judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation omitted). But if the non-movant ultimately bears the burden of proof at trial, the summary-judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting an essential element of the non-movant's claim. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 n.10 (5th Cir. 2017).

Once the summary judgment movant has met this burden, the burden shifts to the non-movant to "go beyond the pleadings and designate specific facts" showing that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.*

(citations omitted). Instead, the non-moving party must "come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted) (emphasis added). "[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations and quotation marks omitted). But the court need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation and internal quotations omitted). If the non-movant is unable to make the required showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

*A.     Breach of Contract*

Plaintiffs argue that they were insured under the Policy and that the Policy covers the loss at issue. Doc. 56, Resp. Br., 7–8. Plaintiffs allege that NLFI breached the Policy when it failed to reimburse Plaintiffs' $13,042.96 payment for the rejected produce.[1] *Id.* Because Plaintiffs have not provided any evidence that NFLI breached the Policy, the Court **GRANTS** Summary Judgment to NFLI on Plaintiffs' breach of contract claims.

"A claim for breach of contract under Texas law requires the plaintiff to show (1) a valid contract, (2) performance by the plaintiff as contractually required, (3) breach by the defendant, and

---

[1] The Second Amended Complaint does not clearly indicate whether Holman, Holman's DNA, or both assert a claim for breach of contract against NLFI. *See* Doc. 27, Second Am. Compl., ¶ 1, 28. The Court construes the Second Amended Complaint as both Plaintiffs asserting claims for breach of contract.

(4) damages due to the breach." *Harrison Co., L.L.C. v. A-Z Wholesalers, Inc.*, 44 F.4th 342, 346 (5th Cir. 2022). Insurance policies are interpreted according to the rules of contract interpretation. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). Under Texas law, "the insured has the burden of establishing coverage under the terms of the policy." *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). If the insured establishes coverage, "the insurer then has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage." *Id.* "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

The Court first addresses Holman's DNA's claim for breach of contract. Plaintiffs argue that "Holman paid the premiums due to [cover both Plaintiffs] under the [P]olicy." Doc. 56, Resp. Br., 8. The Policy does not list Holman's DNA as an insured party. *See* Doc. 54, Def.'s App. Ex. 1, 8, 12. And Plaintiffs have offered no evidence that the Policy covered Holman's DNA. Rather, the Policy identifies Holman as the insured and lists Holman as an individual. *See id.* For these reasons, NLFI's motion for summary judgment on Holman's DNA's breach of contract claim is **GRANTED**.

The Court next addresses Holman's breach of contract claim. Although Holman is insured under the Policy, *see id.* at 8, the loss is not covered. Losses caused by "[e]xtremes of temperature not caused by mechanical failure or breakdown of refrigeration equipment, heating equipment, or temperature control equipment" were not covered under the Policy unless caused directly by "fire, lightning, explosion, collision, overturning of the covered 'auto,' floods, windstorm, or theft." *See id.* at 49–50. Holman's trailer did not experience a mechanical failure or breakdown of refrigeration equipment, heating equipment, or temperature control equipment on the date of loss. *Id.* at Ex. 2,

69–70. Nor does Holman provide any evidence that the temperature extremes were directly caused by fire, lightning, explosion, collision, overturning of his auto, floods, windstorm, or theft. Thus, Holman has not carried his burden to show that the Policy covers the loss. For these reasons, NLFI's motion for summary judgment on Holman's breach of contract claim is **GRANTED**.

B.   *Negligent Misrepresentation*

Plaintiffs allege that on July 11, 2018, Hibbs & Hallmark ("Hibbs"), an agent of NLFI, represented that refrigeration breakdown would be covered under the Policy. Doc. 27, Second Am. Compl., ¶ 27. Plaintiffs argue that this representation "turned out to be false" and that "refrigeration breakdown was excluded under [the Policy]." *Id.* Plaintiffs bring a negligent misrepresentation claim against NFLI for these representations by NFLI's agent, Hibbs. *Id.* ¶¶ 25–27. In its Motion for Summary Judgment, NLFI argues, "Plaintiffs cannot establish a material element of this cause of action—a misrepresentation—and [NFLI] is entitled to summary judgment." Doc. 53, Def.'s Br., 9.

In Texas, to prevail on a negligent misrepresentation claim, a plaintiff must show:

> (1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018) (internal quotations omitted). Plaintiffs do not cite any evidence of Hibbs's representation in their Response. Although the Court need consider only cited materials, *see* Fed. R. Civ. P. 56(c)(3), the Court examined the record and found emails from an Account Executive at Hibbs in Plaintiffs' Appendix. *See* Doc. 57, Pls.' App. Ex. 6, 88. However, on a Motion for Summary Judgment, the

Court may not consider information excludable from evidence at trial, including unsworn documents. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Even if the Court could properly consider these emails, it is unclear to whom the emails are addressed, and while the emails appear to be a quote for an insurance policy, the emails are at best ambiguous as to what is covered under the quoted policy. *See* Doc. 57, Pls.' App. Ex. 6, 88. Thus, Plaintiffs have not presented any evidence that the Court may consider to support any of the elements of their negligent misrepresentation claim, and the Court therefore **GRANTS** summary judgment to NFLI on Plaintiffs' negligent misrepresentation claim.

Finally, even if Plaintiffs had provided evidence of the first three elements, "Texas courts have repeatedly held [that] a party to a written contract cannot justifiably rely on oral misrepresentations regarding the contract's unambiguous terms." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 424 (Tex. 2015). The Policy unambiguously does not cover the loss at issue—a loss from temperature extremes that was not caused by mechanical failure, refrigeration breakdown, fire, lightning, explosion, collision, overturning of his auto, floods, windstorm, or theft. Plaintiffs' alleged reliance on a contrary representation was not justified as a matter of law.

C.  *Unjust Enrichment*

Plaintiffs allege, "National Liability obtained a benefit from Holman, the premium's [sic] paid for the policy coverage, to the detriment of Holman." Doc. 56, Resp. Br., 8. NFLI argues that it obtained this benefit in exchange for issuing the Policy. Doc. 53, Def.'s Br., 9. "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex.

App.—Houston [1st Dist.] 2013, no pet.). "It essentially 'characterizes the result or failure to make restitution of benefits received under such circumstances as to give rise to an implied or quasi-contract to repay.'" *King v. Baylor Univ.*, 46 F.4th 344, 367 (5th Cir. 2022) (quoting *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied) (op. on reh'g)). The law will imply such a contract "[w]hen a person has been unjustly enriched by the receipt of benefits in a manner not governed by contract." *Lee*, 411 S.W.3d at 111. "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).

Here, Holman's premium payments were made pursuant to the Policy. NFLI is entitled to summary judgment because Holman does not explicitly allege and has offered no proof that these payments were "wrongfully secured" or "unconscionable to retain." *See Lee*, 411 S.W.3d at 111. Additionally, Holman cannot recover under an unjust enrichment claim because "a valid, express contract covers the subject matter of the parties' dispute." *See Fortune Prod.*, 52 S.W.3d at 684. The Court therefore **GRANTS** NLFI's Motion for Summary Judgment on Plaintiffs' unjust enrichment claim.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** NFLI's Motion for Summary Judgment.

SO ORDERED.

SIGNED: November 7, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE